IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

Case No. 2:24-CV-2316

ZUFFA, LLC d/b/a ULTIMATE FIGHTING CHAMPIONSHIP,

    Plaintiff,

v.

SKYLINE PIZZERIA RESTAURANT,

    Defendant.

## COMPLAINT

Plaintiff, ZUFFA, LLC d/b/a Ultimate Fighting Championship ("Plaintiff") sues defendant Skyline Pizzeria Restaurant ("Defendant"), and alleges as follows:

## THE PARTIES

1. Plaintiff is a limited liability company organized and existing under the laws of the State of Nevada with its principal place of business located in Nevada.

2. Defendant is a corporation organized and existing under the laws of the State of New Jersey with its principal place of business located at 130 Skyline Dr., Ste. 7 Ringwood, NJ 07456.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

U.S.C. § 1331.

4. This Court has personal jurisdiction over Defendant because it has maintained sufficient minimum contacts with this State such that the exercise of personal jurisdiction over it would not offend traditional notions of fair play and substantial justice.

5. Venue properly lies in this district pursuant to 28 U.S.C. § 1391(b).

## FACTS

6. Plaintiff is the owner of the UFC 283: Glover Teixeira vs Jamahal Hill, including all undercard matches and the entire television Broadcast, which occurred on January 21, 2023, via encrypted closed-circuit television, encrypted satellite, radio signals and/or digital streaming technology (hereinafter referred to as the "Broadcast").

7. Over the years, Plaintiff has invested a considerable amount of time and money in building a loyal customer base and retaining customers.

8. Defendant is an Italian food restaurant based in Ringwood, New Jersey.

9. Defendant televised, exhibited, and/or streamed the Broadcast without paying Plaintiff a commercial licensing fee for the Broadcast or otherwise obtaining Plaintiff's consent, license, and/or permission from Plaintiff.

10. Upon information and belief, Defendant received a financial benefit from the unauthorized televising and/or streaming of the Broadcast.

11. All conditions precedent to this action have been performed or have been

waived.

## COUNT I – UNAUTHORIZED PUBLICATION OR USE OF COMMUNICATIONS (47 U.S.C. § 605)

12. Plaintiff re-alleges and incorporates paragraphs 1 through 11 as set forth above.

13. Plaintiff owns the distribution rights of the Broadcast.

14. The Broadcast originated via encrypted closed-circuit television, encrypted satellite, radio signals, and/or digital streaming technology over the internet (IPTV) and was subsequently re-transmitted via Cable and/or satellite television or internet protocol streaming technology ("IPTV") over Content Distribution Networks ("CDN's) such as satellite, cable or digital streaming technology.

15. Plaintiff, for a licensing fee, entered into licensing agreements with numerous businesses, allowing them to publicly exhibit the Broadcast to their patrons. Upon payment of the appropriate fees, Plaintiff authorized and enabled subscribers to access and display a decrypted signal of the Broadcast.

16. The Broadcast was also available for non-commercial, private viewing through Plaintiff or its authorized online platforms for residential Pay-Per-View purchase and consumption via the internet. Owners of commercial establishments wishing to avoid paying Plaintiff's licensing fees can surreptitiously gain access to Plaintiff's broadcasts by purchasing the programming online, without proper authorization, at residential rates,

which are greatly discounted compared to the rates required for commercial entities and exhibit those broadcasts for their own commercial benefit and gain.

17. In order for anyone to obtain the Broadcast intended for private, non-commercial viewing, an individual purchaser would be provided with terms of service which specifically provide for non-commercial, personal use only.

18. Upon information and belief, with full knowledge that the Broadcast was not to be received and exhibited by entities unauthorized to do so, Defendant and/or its agents, servants, workmen or employees, without paying Plaintiff a fee or entering into an agreement with Plaintiff or its authorized agent for commercial exhibition, unlawfully intercepted, received and/or de-scrambled Plaintiff's encrypted signal and did exhibit the Broadcast at the time of its transmission willfully and for purposes of direct or indirect commercial advantage or private financial gain.

19. Upon information and belief, Defendant engaged in the illegal interception and receipt of the Broadcast by ordering programming intended for residential use and subsequently displayed it in Defendant's commercial establishment, for commercial gain and without authorization, or by such other means which are unknown to Plaintiff.

20. Upon information and belief, Defendant and/or its agents, servants, workmen and/or employees intercepted Plaintiff's signal and/or used a device to intercept the Broadcast, which originated via encrypted satellite, cable or wired or wireless streaming radio signal technology, and then re-transmitted via Content Distribution

Networks ("CDN's) such as satellite, cable or digital streaming technology.

21. There are multiple illegal and unauthorized methods of accessing the Broadcast, including but not limited to the traditional ways of pirating a broadcast (1) splicing an additional coaxial cable line or redirecting a wireless signal from an adjacent residence into a business establishment, decrypting unscrambling and receiving the closed circuit, IPTV, cable or satellite Broadcast; (2) commercially misusing the residential cable, satellite or IPTV internet radio signals by registering as a residence when it is, in fact, a business; or (3) taking a lawfully obtained cable, IPTV or other streaming or satellite reception and decryption device or acquiring international Free-To-Air (FTA) broadcast signals emanating from outside the United States, into a business; (4) misusing a residential digital stream acquired or intercepted from an over-the-top "OTT" technologies, used for the delivery of film and TV content via the internet; (5) Live or near-live Social Media Streaming; or (6) Live Streaming Apps. The misuse of OTT technology can allow commercial misuse of residential broadcasting feeds through the internet from anywhere in the world.

22. Each of the above-described methods would allow Defendant to access the Broadcast unlawfully and without Plaintiff's authorization. Prior to engaging in discovery, Plaintiff is unable to determine the manner in which Defendant obtained the Broadcast. However, it is logical to conclude that Defendant utilized one or more of the above-described methods to intercept and exhibit the Broadcast without a license and

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

without paying a license fee.

23. 47 U.S.C. § 605(a) prohibits the unauthorized reception and publication or use of radio communications such as the Broadcast transmission at issue in this litigation.

24. The aforementioned conduct constitutes a willful violation of 47 U.S.C. § 605(a).

25. As a result of the foregoing, Plaintiff is entitled to damages, in the discretion of this Court, under 47 U.S.C. § 605(e)(3)(C).

26. Pursuant to 47 U.S.C. § 605, Plaintiff is also entitled to an award of full costs, interest, and reasonable attorneys' fees.

## COUNT II – UNAUTHORIZED RECEPTION OF CABLE SERVICE (47 U.S.C. § 553)

27. Plaintiff re-alleges and incorporates paragraphs 1 through 11 as set forth above.

28. Plaintiff owns the distribution rights of the Broadcast.

29. 47 U.S.C. § 553 prohibits the unauthorized reception, interception and exhibition of any communications service offered over a cable system such as the Broadcast for which Plaintiff had the distribution rights as to commercial establishments thereto.

30. A significant amount of internet service in the United States is provided by Internet Service Providers ("ISP'S") who deliver and receive internet data transmissions

via a combination of satellite and radio signals which are delivered to end-users via coaxial cable, fiber optic cable and telephone lines.

31. Upon information and belief, Defendant illegally and willfully intercepted the Broadcast when it was distributed and shown by cable television systems for purposes of direct or indirect commercial advantage or private financial gain.

32. As a result of the foregoing, Plaintiff is entitled to damages, in an amount in the discretion of this Court, under 47 U.S.C. § 553(c)(3).

33. Plaintiff is further entitled to recover its costs and attorneys' fees.

**WHEREFORE**, Plaintiff demands judgment against Defendant, jointly and severally, as follows:

a. A declaration that Defendant's unauthorized exhibition of the Broadcast violated the Federal Communications Act and that such violations were committed willfully and for the purposes of Defendant's direct or indirect commercial advantage or for private financial gain;

b. Pursuant to 47 U.S.C. § 605(e)(3)(C) or 47 U.S.C. § 553(c)(3), an award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages;

c. Pursuant to 47 U. S. C. § 605(e)(3)(B) or 47 U.S.C. § 553(c)(2)(C), an award of costs and reasonable attorneys' fees;

d. Permanently enjoining Defendant, its employees, agents, officers,

directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly exhibiting, broadcasting, and/or displaying Plaintiff's broadcasts; and

e. For such other relief as the Court deems just and proper.

## Demand For Jury Trial

Plaintiff demands a trial by jury on all issued so triable.

Dated: March 11, 2024.

COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
pleadings@copycatlegal.com
joboyle@oboylelawfirm.com


By: /s/ Jonathan O'Boyle
    Jonathan O'Boyle, Esq.
    *Of Counsel*
    NJ Bar no. 037572014