<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ZUFFA, LLC d/b/a ULTIMATE FIGHTING CHAMPIONSHIP,

    Plaintiff,

    v.

SKYLINE PIZZERIA RESTAURANT,

    Defendant.

No. 24cv2316 (EP) (SDA)

**OPINION**

**PADIN, District Judge.**

Plaintiff Zuffa, LLC, d/b/a Ultimate Fighting Championship ("Plaintiff" or "UFC") alleges that Defendant Skyline Pizzeria Restaurant ("Defendant" or "Skyline") unlawfully showed a fight to Skyline's patrons in violation of 47 U.S.C. §§ 605, 553. D.E. 1 ("Complaint" or "Compl."). Plaintiff now moves for default judgment against Skyline pursuant to Federal Rule of Civil Procedure 55(b)(2). D.E. 14 ("Motion" or "Mot."). This motion is decided without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b) For the reasons that follow, the Court will **GRANT** Plaintiff's Motion.

**I.   BACKGROUND**

    **A.  Factual Background**

Plaintiff owns the copyright and exclusive broadcast rights to commercial establishments for the "UFC 283: Glover Teixeira vs Jamahal Hill" fight, including all undercard matches and the entire television broadcast, which took place on January 21, 2023, (the "Program"). Compl. ¶ 6; D.E. 14-1 ("McKnight Decl.") ¶ 4. The Program was broadcasted via encrypted closed-circuit television, encrypted satellite, radio signals, and digital streaming technology. Compl. ¶ 15. Pursuant to its distribution rights, Plaintiff entered into licensing agreements with various

commercial establishments, allowing them to access and display a decrypted signal of the Program to their patrons in exchange for a fee. *Id.* ¶ 15. The Program was also available for non-commercial, private viewing through Plaintiff or its authorized online platforms for residential Pay-Per-View purchase and consumption via the internet. *Id.* ¶ 16.

In order to detect commercial locations that had not paid a license fee and enforce appropriate penalties, Plaintiff retained auditors to "canvas, identify and document any instances where an establishment was publicly exhibiting the Broadcast without legal authorization" from Plaintiff. McKnight Decl. ¶ 9.

Defendant is an Italian food restaurant based in Ringwood, New Jersey. Compl. ¶ 8. On January 21, 2023, one of Plaintiff's independent auditors witnessed the display of the Program at Defendant's commercial establishment. McKnight Decl. ¶¶ 11, 14. The auditor estimated that Skyline had a capacity of no more than 49 people. D.E. 16, Ex. C. Defendant did not purchase a license to obtain the right to broadcast the Program. Compl. ¶ 9; McKnight Decl. ¶ 12.

### B. Procedural Background

On March 11, 2024, Plaintiff filed its Complaint, alleging that Defendant unlawfully intercepted and broadcasted the Program in violation of the Communications Act of 1934, 47 U.S.C. § 605 (Count I), and the Cable Television Consumer Protection and Competition Act of 1992, 47 U.S.C. § 553 (Count II). Compl. Defendant was served with the Summons and Complaint on March 15, 2024. D.E. 5. Defendant failed to answer or otherwise respond to the Complaint.

After Defendant failed to timely answer or respond to the Complaint, Plaintiff submitted a Request for Entry of Default on May 2, 2024, which the Clerk entered the next day. D.E. 8. Thereafter, on July 30, 2024, Plaintiff filed this Motion for entry of default judgment against

2

Defendant. Mot. To date, Defendant has not appeared in this case to answer or respond to the Complaint.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 55 allows for the entry of default against a party that fails to plead or otherwise defend against claims. Although the Court has discretion to grant default judgement, the Third Circuit has emphasized its "preference that cases be disposed of on the merits whenever practicable." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984) (citations omitted).

Before granting default judgment, the Court must determine whether: (1) it has subject matter jurisdiction over the claims at issue and personal jurisdiction over the defendant; (2) the defendant was properly served; (3) the complaint states a sufficient cause of action; and (4) the plaintiff has proven damages. *Joe Hand Promotions, Inc. v. Somers Point Cigars, Inc.* No. 22-4988, 2023 WL 8664592, at *2 (D.N.J. Dec. 15, 2023) (citing *Joe Hand Promotions, Inc. v. Batra*, No. 15-5863, 2017 WL 838798 (D.N.J. Mar. 2, 2017)). Additionally, a court must determine the appropriateness of default judgment by considering: (1) prejudice to the plaintiff if the default judgment is denied; (2) whether the defendant has a viable defense; and (3) whether the defendant is culpable for their delay. *Id.* at *2 (citing *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000)).

By virtue of the defendant's default, the Court should accept as true all well-pleaded factual allegations in the complaint, except for those allegations pertaining to damages. *Innovative Sports Mgmt. v. El Punto Marino Restaurant*, No. 20-14251, 2021 WL 4099754, at *2 (D.N.J. Sep. 9, 2021) (citing *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990)).

## III. ANALYSIS

### A.  The Court Has Subject Matter Jurisdiction and Personal Jurisdiction and Finds That Service Was Proper

Pursuant to 28 U.S.C. § 1331, district courts have original jurisdiction over all cases arising under the Constitution, laws, or treaties of the United States. Plaintiff brings claims under federal statutes 47 U.S.C. § 553 and § 605. Compl. ¶¶ 23, 29. Accordingly, this Court has subject matter jurisdiction over this case under Section 1331.

This Court also has personal jurisdiction over Defendant pursuant to Fed. R. Civ. P. 4(k)(1)(A) because Defendant was properly served in New Jersey pursuant to Fed. R. Civ. P. 4(e)(2), (h)(1)(A) and Defendant is located in New Jersey. D.E. 5; Compl. ¶ 5; *see* N.J. Ct. R. 4:4-4(a) ("The primary method of obtaining *in personam* jurisdiction over a defendant in this State is by causing the summons and complaint to be personally served within this State . . . .").

### B.  Plaintiff Adequately Alleges a Violation of 47 U.S.C. § 605

Plaintiff alleges violations of 47 U.S.C. §§ 605, 553 but only pursues default judgment on its Section 605 claim.[1] Mot. at 6 n.3. To establish a violation of Section 605, a plaintiff must show that the defendant "(1) intercepted a broadcast; (2) [was] not authorized to intercept the broadcast; and (3) showed the broadcast to others." *J & J Sports Prods., Inc. v. Edrington*, No. 10-3789, 2012 WL 525970, at *2 (D.N.J. Feb. 16, 2012) (citations omitted); *see* § 605.

Plaintiff satisfies all three elements. Plaintiff holds the copyright and exclusive broadcast rights to commercial establishments for the Program. McKnight Decl. ¶ 4. Plaintiff's independent auditors confirmed that Defendant displayed the Program at their commercial establishment. *Id.* ¶ 14; D.E. 16, Exs. C, D. Plaintiff did not authorize or license Defendant to show the Program to

---

[1] A plaintiff may not recover under both Section 605 and 505. *See Joe Hand Promotions, Inc. v. Singleton*. No. 17-13687, 2018 WL 3054683 at *3 (D.N.J. Jun. 20, 2018) (citing *TKR Cable Co. v. Cable City Corp.*, 267 F.3d 196 (3d Cir. 2001)).

4

patrons or the public.  McKnight Decl. ¶¶ 6, 8, 12, 14; D.E. 16, Ex. B.  Therefore, Plaintiff alleges that Defendant intercepted the Program without authorization, and exhibited the broadcast at its commercial establishment.  *See J & J Sports Prods.*, 2012 WL 525970, at *2.[2]

### C. Plaintiff is Entitled to Default Judgment

Having determined that Plaintiff states a valid cause of action against Defendant, the Court considers whether default judgment is appropriate by making explicit findings regarding the following factors: (1) prejudice to the plaintiff if the default judgment is denied; (2) whether the defendant has a viable defense; and (3) whether the defendant is culpable for their delay.  *Somers Point Cigars*, 2023 WL 8664592, at *2 (citing *Chamberlain*, 210 F.3d at 164).

*First*, Plaintiff has no alternative means for seeking relief against Defendant for the alleged harm.  As a result, Plaintiff will be prejudiced if default judgment is not granted.  *See G & G Closed Circuit Events, LLC v. Misty's Restaurant and Bar, Inc.,* No. 19-08395, 2021 WL 5494392, at *2 (D.N.J. Nov. 23, 2021) (citing *Joe Hand Promotions, Inc. v. Waldron*, No. 11-849, 2013 WL 1007398 (D.N.J. 2013)).  *Second*, there is nothing in the record to suggest that Defendant has a viable defense.  *Lastly*, Defendant's failure to respond permits the Court to draw an inference of culpability on its part.  *See El Punto Marino Restaurant*, 2021 WL 4099754 at *2 (citations omitted).  Therefore, the Court finds that default judgment is appropriate.

### D. Damages

Plaintiff seeks (a) $1,000 in statutory damages under Section 605(e)(3)(C)(i)(II), the statutory minimum; (b) $10,000 in enhanced damages under Section 605(e)(3)(C)(ii); and (c) reasonable costs and attorney's fees under Section 605(e)(3)(B)(iii).  Mot. at 11, 12.

---

[2] Plaintiff acknowledges that it cannot determine the manner in which Defendant intercepted the signal without further discovery or admission by Defendant.  Compl. ¶ 22.  However, Plaintiff is not required to "plead the particular manner of interception since this may be exclusively within the Defendant['s] knowledge."  *J & J Sports Prods.*, 2012 WL 525970, at *3 (cleaned up).

5

### 1. *Plaintiff will be awarded $1,000 in statutory damages*

"Statutory damages are appropriate when actual damages are difficult to prove." *Joe Hand Promotions, Inc. v. Forupk LLC,* No. 19-7970, 2022 WL 17486156, at *3 (D.N.J. Dec. 7, 2022) (citing *Lauratex Textile Corp. v. Allton Knitting Mills Inc.*, 519 F. Supp. 730, 732 (S.D.N.Y. 1981)). The Court may award a sum of "not less than $1,000 or more than $10,000, as the court considers just." § 605(e)(3)(C)(i)(II).

Plaintiff asserts that it cannot determine its actual damages because Defendant's refusal to appear and participate in discovery has hindered Plaintiff from obtaining relevant information and discovering any profits earned by Defendant, which are necessary for accurately calculating Plaintiff's actual damages. Mot. at 10. Plaintiff requests $1,000 in statutory damages, the statutory minimum. *Id.* at 10. The Court finds that $1,000 is "just" as this amount is the closest statutory amount to the $866 commercial licensing fee Plaintiff would have charged Defendant to broadcast the Program. D.E. 16, Ex. A. As such, the Court will award Plaintiff $1,000 in statutory damages.

### 2. *Plaintiff will be awarded $2,000 in enhanced damages*

The Court may award enhanced damages if the plaintiff proves that the interception of the broadcast was willful and for commercial advantage or private gain. § 605(e)(3)(C)(ii).

Plaintiff describes several ways that Defendant could have obtained access to the broadcast; each method required Defendant to take affirmative steps to intercept and broadcast the event. Compl. ¶¶ 16, 21; McKnight Decl. ¶¶ 17-19. Consequently, Plaintiff establishes that the interception was willful. *Batra*, 2017 WL 838798, at *2 (citing *Waldron*, 2013 WL 1007398). Additionally, Plaintiff alleges that Defendant showed the Program at its place of business, and, therefore, "the Court may infer that [Defendant's] conduct was 'for the purposes of direct or indirect commercial advantage or indirect pecuniary gain.'" *Misty's Restaurant and Bar*, 2021 WL

6

5494392, at *2 (quoting *Waldron*, 2013 WL 1007398, at *3). Thus, Plaintiff is entitled to enhanced damages.

Plaintiff seeks $10,000 in enhanced damages, arguing that this amount will act "as a strong disincentive to Defendant and others similarly situated to continuing to violate § 605 in the future." Mot. at 11.

District courts consider five factors when calculating enhanced damages under Section 605:

> (1) Whether the defendant has intercepted unauthorized broadcasts repeatedly and over an extended period of time; (2) whether it reaped substantial profits from the unauthorized exhibition in question; (3) whether the plaintiff suffered significant actual damages; (4) whether the defendant advertised its intent to broadcast the event; and (5) whether the defendant levied a cover charge or significant premiums on its food and drink because of the broadcast.

*Somers Point Cigars, Inc*, 2023 WL 8664592, at *2 (quoting *Batra*, 2017 WL 838798, at *4).

Plaintiff's allegations and uncontested evidence do not address any of these factors. *First*, Plaintiff does not allege that Defendant previously intercepted and exhibited unauthorized broadcasts. *Second*, there is nothing to suggest that Defendant made any profits, let alone substantial profits, that are attributable to the alleged violation. *Third*, Plaintiff's estimated actual loss appears to be the cost of the sublicense fee, which would be $866—a relatively small figure. *Fourth*, Plaintiff does not allege that there was any advertising of the event. *Lastly*, Plaintiff's auditor reported that Defendant charged no cover fee and reported no premium on food or drink.

The Court notes that Plaintiff has not had the opportunity to conduct discovery as a result of Defendant's default. However, nothing in the record would allow the Court to determine how much Defendant profited by broadcasting the Program, if at all. In similar circumstances, courts in this district have awarded enhanced damages twice the value of the statutory damages. *See, e.g.*, *Innovative Sports Mgmt., Inc. v. El Roble Restaurant and Bakery LLC*, No. 22-1612, 2022

7

WL 17324347, at *4 (D.N.J. Nov. 29, 2022) (awarding twice the amount of statutory damages for a willful violation but where Defendant has not established a significant pecuniary gain by the defendant); *Misty's Restaurant and Bar*, 2021 WL 5494392, at *3 (same); *G & G Closed Cir. Events, LLC v. Don Tequila Bar & Grill L.L.C.*, No. 19-00084, 2020 WL 133033, at *3 (D.N.J. Jan. 13, 2020) (same and collecting cases that reached similar enhanced damages calculations). As such, the Court will award Plaintiff $2,000 in enhanced damages.

### 3.    *Plaintiff is entitled to reasonable attorneys' fees and costs*

As the prevailing party, Plaintiff is entitled to recover reasonable attorneys' fees and costs, 47 U.S.C. § 605(e)(3)(B)(iii), which Plaintiff requests in its Motion. *See J&J Sports Prod., Inc. v. Suarez Enters.*, No. 18-8823, 2020 WL 832917, at *1 (D.N.J. Feb. 20, 2020) ("Since the Court has entered a default judgment against Defendants, Plaintiff is a prevailing party mandated to receive costs and attorneys' fees under § 605(e)(3)(B)(iii)."). In accordance with Local Civil Rules 54.1 and 54.2, Plaintiff must file an application for reasonable attorneys' fees and costs within 30 days of the entry of the Order accompanying this Opinion.

### E.    **The Court Will Not Grant Injunctive Relief**

Plaintiff seeks a permanent injunction under Section 605(e). Mot. at 12-14. However, the Court finds that an injunction is not warranted here.

Section 605(e)(3)(B)(i) authorizes the Court to enter an injunction "on such terms as it may deem reasonable to prevent or restrain violations" of the statute. A plaintiff seeking a permanent injunction must demonstrate:

> (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

Plaintiff does not establish any of these factors and cites no binding authority in support of its request for a permanent injunction. In particular, the Court finds that adequate remedies are available at law. As discussed above, Plaintiff was deprived of an $866 license fee as a result of Defendant's unlawful conduct. Section 605 provides for a mechanism whereby Plaintiff is entitled to recover $1,000 in actual damages as well as $2,000 in enhanced damages. These damages are sufficient to compensate Plaintiff for its injury as well as to provide deterrence to other commercial establishments who might attempt the same conduct.

## IV. CONCLUSION

For these reasons, the Court will **GRANT** Plaintiff's Motion and will award $3,000 in total damages as well as reasonable attorneys fees and costs. The Court will not grant injunctive relief. Plaintiff must file its application for costs and attorneys' fees within 30 days of the entry of the Order accompanying this Opinion.

Dated: 2/13/2025

*[signature]*

Evelyn Padin, U.S.D.J.